IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 22-03193 |
| ) | |
| Dawn Sue Alvarez, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |

_____

## MOTION FOR *IN REM* RELIEF FROM THE AUTOMATIC STAY
_____

Comes Now, U.S. Bank National Association, as Trustee of the Bungalow Series IV Trust, by its attorney in fact SN Servicing Corporation ("Movant") and respectfully requests an order granting Movant *in rem* relief from the automatic stay to enforce its rights against the collateral described below, that such order not be subject to the stay provided by Fed. R. Bankr. P. 4001(a)(3), and makes the following representations in support of this request:

This bankruptcy case ("Current Case") is the Debtor's seventh chapter 13 bankruptcy filing in the last decade, each prior case being dismissed. This case was filed on the eve of a noticed foreclosure sale for no other reason than to thwart the sale.

1. The collateral with respect to which relief from the stay is sought may be described as follows: real property commonly known as 9089 Urubamba Dr, Lyles, Tennessee 37098 ("Property").

2. The loan is contractually due for June 1, 2020.

**Debtor's Past Filings**

3. The Debtor filed a Chapter-13 case on April 4, 2012, Case No. 12-03264, the 2012 Case being dismissed June 3, 2013 for the Debtor's failure to make plan payments.

4. The Debtor filed another Chapter-13 case on September 9, 2013, Case No. 13-07884, the 2013 Case being dismissed January 28, 2014 because no plan was confirmed.

5. The Debtor filed another Chapter-13 case on February 14, 2014, Case No. 14-01108, the 2014 Case being dismissed June 23, 2017 for the Debtor's failure to make plan payments.

6. The Debtor filed another Chapter-13 case on January 10, 2018, Case No. 18-00160, the 2018 Case being dismissed April 5, 2019 for the Debtor's failure to make plan payments.

7. The Debtor filed another Chapter-13 case on February 18, 2020, Case No. 20-01014, the 2020 Case being dismissed June 7, 2021 for the Debtor's failure to make plan payments.

8. The Debtor filed another Chapter-13 case on May 18, 2022, Case No. 22-01594, the 2022 Case being dismissed July 25, 2022 for the Debtor's failure to commence making plan payments. The Case was filed the day before the scheduled foreclosure sale was to be conducted.

9. The Debtor filed the current Chapter-13 case on October 3, 2022, again, just three days before the scheduled foreclosure sale was to be conducted.

10. The arrearage owed under the trust deed has grown since the 2012 Case from $10,364.51 to in excess of $35,730.32.

11. The Debtor's repeated filings show a pattern of practice demonstrating a lack of good faith on the part of Debtor. In failing to maintain plan payments in her prior cases, she cannot offer adequate protection in return for Debtor to continue to reside in the Property.

12. Because Debtor could not remit the ongoing monthly payments outside of the many bankruptcy filings, there is no clear and convincing evidence that the current case is filed in good faith as to Movant. Movant should be allowed to foreclose on the subject real property.

13. The timing and motivation behind the Current Case filing does not suggest good faith. Both the prior 2022 case and the current case were filed on the eve of a foreclosure sale, with the clear intention of hindering and delaying Movant in its lawful remedies to foreclose its interest under applicable state law.

14. The automatic stay should be modified to allow Movant to proceed with foreclosure. The Court should direct that should the Debtor, or subsequent owners of the Property file a subsequent bankruptcy petition, the automatic stay shall not apply to the foreclosure. Based upon the forgoing, Movant is entitled to *in rem* relief from the stay to foreclose its secured interest in the Property.

15. In connection with seeking the relief requested in this Motion, Movant has also incurred legal fees and costs not to exceed $1,238.00. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with

applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

**WHEREFORE,** Movant prays the Court as follows:

1. The Automatic Stay of Section 362(a) be terminated, annulled, or modified to permit Movant to foreclose its secured interest in the 9089 Urubamba Dr, Lyles, TN, Tennessee 37098;

2. That no automatic stay be imposed in future filings under Section 362(a) to prevent the Movant from foreclosing its secured interest in the property in the event Debtor, or subsequent owner, files a bankruptcy petition. Such relief shall be *in rem* and Debtor or subsequent owner shall be barred from refiling bankruptcy for a period of not less than 180 days;

3. That Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be modified so that it is not applicable in this case and so that the Movant may immediately enforce and implement this order granting relief from the automatic stay;

4. That the Court grant the Movant reasonable attorneys' fees, and such other and further relief as may seem just and proper; that any future bankruptcy filing relating to the Property be deemed to have no effect on the foreclosure of the Property;

5. For such other relief as the Court deems proper.

*/s/Edward D. Russell*  Dated: October 31, 2022
Edward D. Russell, BPR #26126
The SR Law Group
PO Box 128
Mt. Juliet, TN 37121
(615) 559-3190
erussell@thesrlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2022, a true and correct copy of the Motion for *In Rem* Relief from Automatic Stay was served by U.S. mail, postage prepaid, upon Dawn Sue Alvarez, 9089 Urubamba Drive, Lyles, TN 37098. I also caused a copy of the Motion to be served by electronic means as follows: counsel for the Debtor, Harlan, Slocum & Quillen, PO Box 949, Columbia, TN 38402-0949; Henry Edward Hildebrand, III Office of the Chapter 13 Trustee, PO Box 340019, Nashville, TN 37203; United States Trustee, Office of the United States Trustee, 701 Broadway, Suite 318 Nashville, TN 37203; and, all parties consenting to such electronic service in this bankruptcy case.

By: */s/Edward D. Russell*
Edward D. Russell